#### IN THE

# SUPREME COURT

#### OF THE

# STATE OF LOUISIANA.

—◦✦◦—

### EASTERN DISTRICT, MAY TERM, 1824.

MONTAMAT &
WIFE
*vs.*
DEBON.

## *MONTAMAT & WIFE* vs. *DEBON.*

APPEAL from the court of the first district.

If property, part of a succession, be irregularly sold, and an action of warranty be grounded thereon, the action does not appertain to the court of probates.

MARTIN, J. delivered the opinion of the crt. The petition states, that in 1812, Marguerite Debon, now Mrs. Montamat, married S. B. Cottin, now deceased; who, during his marriage, purchased a house and lot, on Royal-street, near Orleans, and made a donation of it to his then wife, who, independently of the title vested in her by the donation, was an owner of one half thereof, as common in goods, with her said husband. On her becoming a widow, in 1815, the defendant, her father, who was her said husband's executor,

entered on the premises, as she supposed, for the purposes of administering them, as her property, she then being a minor. In 1816 she married Montamat, and under the authorisation of her father, constituted the premises as part of her dowry—but they remained in his possession, till the following year, when at the request of Montamat, he surrendered them to him, who continued in the enjoyment of them till 1818, when the defendant wrongfully pessessed himself of, and has ever since retained them. The petition concluded with a prayer that the defendant might be decreed to restore the premises, account for the rent, and that they might have further relief.

The defendants pleaded the general issue.

Guillot and Gurley filed a petition of intervention, stating their interest in the present suit—that the premises were especially mortgaged to them, according to a notarial act, annexed to their petition—that Marguerite Debon, now Mrs. Montamat, one of the plaintiffs at her marriage with Cottin, brought no other property but her wearing apparel, and her future rights, in the successions of her parents, both of whom are still living; and that Cottin brought $30,000, and about three months after

East'n District.
May, 1824.

MONTAMAT &
WIFE
vs.
DEBON.

East'n District.
May, 1824.

MONTAMAT &
WIFE
vs.
DEBON.

purchased the premises, paying therefor $10,000 at the time of the sale, and afterwards made the donation stated in the petition—that at his death Cottin left his wife pregnant with a child, who died a few hours after his birth—and the widow pretended that he had inherited his father's estate, and transmitted it to her. But V. V. Cottin, the father of the said J. B. Cottin, residing in France, instituted a suit against the widow and her father, executor of her said husband, claiming her son's estate, alleging the posthumous child to have been abortive, and had judgment; V. V. Cottin being thereby entitled to two-thirds of his son's estate, and the donation to his widow being reduced to a third of his estate, her father, as testamentary executor, with the consent of both the plaintiffs, entered into a compromise with his attorney, according to which the premises were sold at auction, in order to effect a partition, and the intervening parties became purchasers of them for $25,000, and afterwards sold them to the defendants, who mortgaged them to secure them thereby, and by other property, for endorsements to the amount of $72,748. That Mrs. Montamat has *received* from her father, executor of her first hus-

East'n District.
*May*, 1824.

MONTAMAT &
WIFE
*vs.*
DEBON.

band, one-third part of the estate, including the premises—they prayed leave to intervene, and that the sale by the defendants to them, may be decreed good and valid, and the plaintiff's suit dismissed.

The defendant filed a supplemental answer, stating that at the time of her marriage with Cottin, the present Mrs. Montamat brought no property, and during the marriage Cottin bought the premises, and the donation he made of them to her was by law reducible, that he bequeathed to her one-third of his estate—that he died leaving her pregnant, but the child lived a few hours only. Nevertheless, she deeming that she had acquired by succession, the whole of the estate, it was delivered to her, and she afterwards married the petitioner, Montamat; and V. V. Cottin, father of her first husband, claimed the estate on an allegation that the child was an abortive one, and recovered two-thirds of the estate—that the premises, at Cottin's death were worth more than one-third of his estate, and the donation being reducible thereto, the premises were, by consent of all parties, sold.

The answer concluded with a prayer that the donation be reduced to one-third of the value

East'n District. of the estate, and that in the account to
May, 1824. be rendered before the proper tribunal,
MONTAMAT & by the defendant, as executor to Cottin,
WIFE he may be allowed all the payments made to
vs. the plaintiffs on account of the estate.
DEBON.

The defendant afterwards filed a petition, stating that V. V. Cottin instituted a suit against him, claiming an account of his testator's estate, on which a balance of $18,000 appeared in favour of the estate; which, among other items, was credited with $25,000, the proceeds of the sale of the premises now claimed—whereupon, by a compromise and on the payment of $17,000, the attorney of said V. V. Cottin transferred to him all said Cottin's claim to two-thirds of his said son's estate, the other third belonging to Mrs. Montamat. The petition, after stating the present suit, concluded with a prayer that the heirs of said V. V. Cottin, who is since dead, may be cited to defend him, &c.

The heirs pleaded that they are subjects of the King of France, and not sueable in the courts of the state—that they are beneficiary heirs, and their ancestor was so to his son—that the premises claimed are part of J. B. Cottin's estate, and can only be demanded

before the court of probates; and they de-
clined the jurisdiction of the district court—
that their ancestor, having sold his part of the
succession only, warranted nothing but his
heirship—they pleaded the general issue, the
simulation of the donation—that there was a
counter-letter, which the widow destroyed—
that the donation was not registered—that it
was made in fraud of their ancestor, and must
be reduced—that the petitioners must suffer a
deduction of their share of the debts—that
they approved the sale of the premises.

The intervening persons, Guillot and Gurly,
withdrew from the case.

The plea to the jurisdiction was sustained;
the district court being of opinion that the
court of probates had the exclusive cognizance
of the matter.    The plaintiffs appealed.

The case made out in the petition, is cer-
tainly one which is cognizable in courts of
ordinary jurisdiction—a donation is alleged—
the possession of the defendant, in right of his
daughter—the subsequent delivery of the pre-
mises to the plaintiffs, and the posterior wrong-
ful entry.    If these facts be admitted or
proven, the court of probates cannot apply the
remedy.

East'n District.
May, 1824.

MONTAMAT &
WIFE
vs.
DEBON.

East'n District.
*May*, 1824.

MONTAMAT &
WIFE
*vs.*
DEBON.

The defendant pleaded the general issue, thus acknowledging the jurisdiction of the district court.

The intervening party admit the donation, but allege that in order to effect a partition between the widow and the heirs, the premises were sold by mutual consent, purchased by this party, and sold to the defendant, who mortgaged them. The petition concludes with a prayer that the sale may be decreed to be good, and the plaintiffs' petition dismissed. There is as yet, no feature in the case, that gives it the character of one of which the courts of ordinary jurisdiction cannot take cognizance; for they alone can apply the remedy.

The amended answer avers the premises were sold by consent of all, and alleges that the donation is excessive, and ought to be reduced by the court of probates.

The defendant's petition alleges he purchased the heir's title—the sale of the premises, the compromise &c., and prays that the heirs may be cited to defend them.

The amended answer, places the defendant before the court as vendee, and his petition, as assignee of the rights of the heirs.

If he purchased the premises at auction, or a sale made by consent, the proof of these facts, may overthrow the plaintiffs' claim—but this defence does not alter the character of the case, and does not render it one properly cognizable before the court of probates.

East'n District.
*May*, 1824.

MONTAMAT &
WIFE
*vs.*
DEBON.

If the premises made a part of the estate, the price for which they were sold represents the thing in the hands of the executor or heir ; and consequently the objects disposed of, have ceased to make a part of the succession. If on the contrary, the property did not belong to the estate, then there is no ground whatever for giving the probate court jurisdiction. If the opposition to the jurisdiction of the district court be founded on the notion that the property did belong to the succession, and was irregularly sold, by reason of which there arises an action of warranty against the heirs ; this action of warranty, supposing it to exist, cannot prevent the ordinary tribunals from taking cognizance of the suit of any person claiming in his own right the thing sold. If it could, then the court of probates would continue to have jurisdiction in all actions which might arise in relation to land, or slaves, that once formed a part of a succession, or were sold un-

East'n District.
May, 1824.

MONTAMAT &
WIFE
vs.
DEBON.

der its authority. This, in the course of no great number of years, would confer on that court exclusive jurisdiction of all contestations in regard to the whole of the immoveable property in the state.

But there is an allegation that the donation is excessive, and ought to be reduced. If that be true, the reduction ought to have been, and perhaps may still be made, in the distribution of the $25,000, which are said to be the proceds of the sale. This may, and ought to have been done in a separate action, which does not interfere with the present.

Of all the allegations of the heirs, two only demand our attention. It is urged—the premises are part of the estate, and ought to be claimed in the court of probates. The donation must be reduced, and the plaintiffs must pay three parts of the debts.

The premises are demanded not from the executor, but from an alleged trespasser—if the wrongful ouster be shewn, the latter cannot present himself because the premises were once part of the estate of a deceased person. *Spoliatus debet ante omni arestitutui.* If the donation be excessive, and ought to be reduced, this may be done, and will not be prevented by

a court of ordinary jurisdiction, exercising its legitimate authority on the complaint of the plaintiffs.

East'n District.
May, 1824.

MONTAMAT &
WIFE
vs.
DEBON.

The liability of Mrs. Montamat: for the debts of the estate, does not affect the case; it appears to us the district court erred in declining the cognizance of the case.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the plea to the jurisdiction overruled, and the case remanded with directions to the court to proceed therein according to law, and it is ordered that the defendant and the heirs pay costs in this court.

*Derbigny* for the plaintiffs, *Mazureau* for the defendant.